942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Seyed Hojjad AZIMI-OSMAVANDANI, Maryam Seddigh-Abdullahi, Petitioners,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70219.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1991.
Decided Aug. 22, 1991.
 
 Before FARRIS, BOOCHEVER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Seyed Hojjad Azimi-Osmavandani and Maryam Seddigh-Abdullahi, husband and wife, petition for review of the denial of their application for withholding of deportation under § 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h) (1988), and political asylum under § 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a) (1988). The Board of Immigration Appeals reversed the immigration judge's grant of withholding of deportation and affirmed the immigration judge's denial of asylum. The BIA based its decision on grounds not considered by the immigration judge and not briefed by the parties. Because the discrepancies in the record raised sua sponte by the BIA may have alternative explanations, we remand to the BIA to afford the parties an opportunity to address the matter.
 
 
 3
 Azimi and Seddigh are citizens of Iran who entered the United States without inspection from Mexico in 1983. They concede deportability, but allege that Azimi will be subject to persecution if returned to Iran. Azimi testified that he had been imprisoned in Iran for 3 weeks in 1981 by the Khomeini government on charges of having been a member of the Iranian secret police under the Shah. The charges stemmed from his activities as a bank employee, where he was required to provide information in the bank's possession to the secret police. Azimi and his wife reportedly left Iran two weeks after his release and traveled through Turkey, Spain, and Mexico before arriving in the United States. Azimi bases his fear of persecution on his aid to the Shah's secret police and an Iranian warrant purportedly issued for his arrest on October 24, 1981, which charged him and another individual as being members of the Mujaheddin-e-Khalq.
 
 
 4
 To establish eligibility for asylum, an applicant must show that he or she has a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion. Sanchez-Trujillo v. I.N.S., 801 F.2d 1571, 1578 (9th Cir.1986). A well-founded fear of persecution has both a subjective and objective component. Id. at 1579. The subjective component requires that an alien's fear be genuine. The objective component requires credible, direct, and specific evidence in the record which demonstrates a reasonable probability of prosecution. Id.; Echeverria-Hernandez v. I.N.S., 923 F.2d 688, 690 (9th Cir.1991).
 
 
 5
 We review the factual findings of the BIA to determine whether they are supported by substantial evidence, and will reverse only if the BIA's conclusions are not substantially reasonable. Artiga-Turcios v. I.N.S., 829 F.2d 720, 723 (9th Cir.1987).
 
 
 6
 The BIA denied the application for withholding of deportation and political asylum because it found Azimi's claimed fear of persecution not credible. The BIA articulated four reasons for finding Azimi incredible: (1) his application and hearing testimony differed as to the reason for his fear of persecution--in the application, it was his assistance to the Shah's secret police, at the hearing, his Mujaheddin association; (2) his application and oral testimony were inconsistent as to the date he left Iran--first it was 1982, then 1981; (3) his application and oral testimony were inconsistent as to the length of his imprisonment in Iran--first it was two months, then three weeks; and (4) his testimony indicated that the warrant for his arrest for the Mujaheddin association was outstanding when he was released from prison for his involvement with the Shah's secret police.[1]
 
 
 7
 Azimi's credibility was not challenged by the immigration judge. Moreover, neither the government nor Azimi addressed his credibility in their briefs filed with the BIA. Review of the record indicates that the discrepancies upon which the BIA based its finding of incredibility may be alternatively explained. The BIA was not substantially reasonable in finding Azimi incredible without affording him an opportunity to address the discrepancies. See McMullen v. I.N.S., 658 F.2d 1312, 1317-18 (9th Cir.1981).
 
 
 8
 The BIA also based its decision on Azimi's inability to authenticate the Iranian arrest warrant. If Azimi's claims are true, he may not be in a position to have the document authenticated. See Zavala-Bonilla v. I.N.S., 730 F.2d 562, 565 (9th Cir.1984). The State Department indicated by letter to the BIA that, "[w]e have reviewed the Iranian document and believe that it could be genuine." On remand, the BIA should accept the authenticity of the warrant unless the government provides evidence to the contrary. McMullen, 658 F.2d at 1318. In the event the government presents such evidence, the BIA should decide the question of authenticity.
 
 
 9
 We grant the petition and remand to the BIA for reconsideration after it gives the parties an opportunity to brief the credibility issue, and, in its discretion, to present oral argument.
 
 
 10
 REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 If upon reconsideration the issue of Azimi's failure to apply for asylum in other countries arises, we direct the BIA's attention to Damaize-Job v. I.N.S., 787 F.2d 1332, 1337-38 (9th Cir.1968)